WATSON and wife *vs.* CONKLING and wife.

A denial that the defendants received the whole sum of money men-tioned in the mortgage, and an averment that a " large amount of money mentioned in the mortgage, was unjustly and unlawfully detained by the complainant as a bonus and unlawful interest, in excess of seven per cent. per annum, and not paid over to the defendants at the time of the execu-tion of the mortgage, and that it has not been paid to them, or to any other person in their behalf, since the execution of the mortgage," is insufficient as a plea of usury.

On final hearing, on pleadings and proofs.

*Mr. M. L. Keefe,* for complainants.

*Mr. A. Comstock,* for defendants.

THE CHANCELLOR.

This is a suit to foreclose a mortgage made December 31st, 1870, on land in Passaic. The defence is usury. The answer denies that the defendants received the whole sum of money mentioned in the mortgage, and avers that a " large amount of money, mentioned in the mortgage, was unjustly and unlawfully detained by the complainants as a bonus, and unlawful interest in excess of seven per cent. per annum, and not paid over to the defendants at the time of the exe-cution of the mortgage, and that it has not been paid to them, or to any other person or persons in their behalf, since the execution of the mortgage."

The pleading is manifestly insufficient. It is unnecessary to point out its defects with particularity. It gives none of the particulars of the transaction. It alleges no usurious agreement. It does not even state the amount of the alleged bonus.

But, were the pleading sufficient, the proof does not sustain the defence. No usurious contract is proved. Nor is there any proof of the taking of any unlawful interest, or that any bonus was paid or retained. The complainants are husband and wife. The wife was the lender of the money. The husband was her agent in the matter. John Manson, a witness for the complainants, was the agent for the defendant, Joseph B. Conkling, the borrower and mortgagor in the transaction. Conkling applied to him for a loan. Manson could not accommodate him, but undertook to get it for him. Manson, who was a broker, applied to the complainants, or one of them, for it, and obtained it. Mr. Watson swears he paid, for his wife, to Manson, the whole amount, $3000, agreed to be loaned, and to secure which the mortgage was made. There is not only no proof, that the complainants received or retained a bonus, but they both deny that they did so, and there is no evidence that they did not pay to Manson, for Conkling, the whole $3000.

There will be an order of reference to a master, to compute the amount due the complainants on their mortgage.